(TAG) Gamboa, et al. v. City Of Fresno, et al.  Doc. 10

Case 1:06-cv-01231-AWI-NEW     Document 10     Filed 09/13/2006     Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SALVADORE GAMBOA, et al., | CASE NO. F CV 06-1231 AWI LJO |
| Plaintiffs, | **ORDER TO PAY FILING FEE** |
| vs. | (Docs. 2-4, 6, 7.) |
| CITY OF FRESNO, et al., | |
| Defendants. / | |

On September 9, 2006, several pro se plaintiffs filed with this Court their individual Applications to Proceed without Prepayment of Fees and Affidavit ("application") to request to proceed without prepayment of the $350 filing fee or costs under 28 U.S.C. § 1915. Plaintiff Michael Becker's application indicates that his monthly take-home pay is $3,300 and that he has more than $80,000 in assets. Applications of other plaintiffs indicate they receive wages.

Filing fees are addressed by 28 U.S.C. § 1914(a) which provides the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding, in such court . . . to pay a filing fee of $350 . . ." This Court's Local Rule 77-121(c) provides in pertinent part: "[T]he Clerk shall not file any paper, issue any process, or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee is prepaid." A person may be allowed to proceed with a civil action without paying a filing fee upon submission of an affidavit stating he/she is unable to pay such fee, the nature of the action and the belief he/she is entitled to redress. 28 U.S.C. §

1915(a)(1); *Rowland v. California Men's Colony*, 506 U.S. 194, 201, 113 S.Ct. 716, 720-721 (1993).

The affidavit required under 28 U.S.C. §1915(a) has been described as an "allegation of poverty." *Rowland*, 506 U.S. at 203, 113 S.Ct. at 722. In *Rowland,* 506 U.S. at 203, 113 S.Ct. at 722, the United States Supreme Court noted in reference to an application for in forma pauperis status:

> Poverty, in its primary sense, is a human condition, to be "[w]anting in material riches or goods; lacking in the comforts of life; needy," Webster's New International Dictionary 1919 (2d ed. 1942) . . . As we first said in 1948, "[w]e think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs ... and still be able to provide' himself and dependents 'with the necessities of life.' " *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43.

Collectively, the plaintiffs' applications indicate they neither lack in the comforts of life nor are needy, especially Mr. Becker with his $3,300 take-home monthly income and $80,000 assets. Collectively, the plaintiffs are not poverty-stricken. If plaintiffs are earnest to pursue their claims, they have the collective ability to pay the filing fee, waiver of which is reserved for the truly needy. This Court is concerned that plaintiffs attempt to commit fraud on this Court with their dubious attempt to take advantage of cost-free filing. This Court admonishes plaintiffs and their counsel not to burden this Court with frivolous matters.

Accordingly, on the basis of good cause, this Court:

1. DENIES plaintiffs' applications to proceed without prepayment of fees; and

2. ORDERS plaintiffs, no later than September 18, 2006, to pay the $350 filing fee.

**Plaintiffs are admonished that this Court will take no action regarding their claims until they pay the $350 filing fee.**

IT IS SO ORDERED.

**Dated:    September 12, 2006**            **/s/ Lawrence J. O'Neill**
66h44d                         UNITED STATES MAGISTRATE JUDGE

2