# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SALVADORE GAMBOA, et al.<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants | Case No. F CV 06-1231 AWI/LJO<br><br>ORDER ON PLAINTIFFS' *EX PARTE* REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER ON PLAINTIFFS' IN FORMA PAUPERIS APPLICATION |

Plaintiffs Stephen Salvadore Gamboa ("Gamboa"), Maria "Teresa" Hele ("Hele"), Ruben Carlos Jimenez ("Jimenez"), Shawn M. Putnam ("Putnam"), and Michael Becker ("Becker") (collectively, "Plaintiffs"), move for reconsideration of the magistrate judge's denial of their motion to proceed in forma pauperis and order to pay filing fees. This Court grants Plaintiffs' motion for reconsideration and grants the motions to proceed in forma pauperis of Gamboa, Hele, Jimenez, and Putnam, and reverses the order to pay fees. Becker's motion to proceed in forma pauperis is denied.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs filed an application to proceed in forma pauperis on September 7, 2006, which was denied by the magistrate judge on September 12, 2006. The magistrate judge concluded that the Plaintiffs had the "collective" ability to pay the filing fees because they were not "collectively" poverty stricken. The magistrate judge looked to the monthly-take home pay of

Becker and his assets in making its determination to deny all of Plaintiffs' motions. Becker has take-home income of $3300.00 a month and $80,000.00 in assets. Plaintiffs Gamboa, Jimenez, and Putnam earn less than $1000.00 a month; Plaintiff Hele is unemployed. None of the Plaintiffs, other than Becker, have significant assets. The magistrate judge noted that it was "concerned that plaintiffs attempt to commit fraud on this Court with their dubious attempt to take advantage of cost-free filing" and that the relief Plaintiffs sought was "reserved for the truly needy." The magistrate judge denied Plaintiffs' applications to proceed in forma pauperis and ordered Plaintiffs to pay filing fees. Plaintiffs paid the $350.00 filing fee on September 13, 2006.

Plaintiffs filed their *ex parte* request for reconsideration of the magistrate judge's orders on September 25, 2006.

## LEGAL STANDARD

This Court applies the "clearly erroneous or contrary to law" standard of review to the magistrate judge's ruling. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 72-303(f).

## DISCUSSION

Plaintiffs make two arguments in support of their motions for reconsideration. First, that the magistrate judge exceeded his authority by denying the applications and ordering the payment of filing fees. Plaintiffs also argue that the magistrate judge's order is clearly erroneous or contrary to law because their applications should be considered individually and not collectively.

The magistrate judge's authority is derived from 28 U.S.C. § 636 and from Local Rule 72-302. It is well settled that a magistrate judge lacks authority to enter final judgment on a motion to proceed in forma pauperis. *See Tripati v. Rison*, 847 F.2d 548, 548-59 (9th Cir. 1988) ("Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment."). Local Rule 72-302 does not authorize a magistrate judge to deny a motion to proceed in forma pauperis. A magistrate judge may grant a motion to proceed in forma pauperis, but exceeds his authority

when he denies a motion outright. *See Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) ("Although section 636(b)(1)(A) does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority."). This Court did not refer Plaintiffs' applications to the magistrate judge, and it does not appear on the record that the parties consented to have the magistrate judge decide the motion and enter judgment. Thus, the magistrate judge erred by denying Plaintiffs' in forma pauperis applications and ordering payment.

  As to the second ruling, Plaintiffs argue that in forma pauperis is not a collective determination and that four of the five plaintiffs are eligible for in forma pauperis status. The magistrate judge's order did not cite any legal authority for making a collective determination of Plaintiff's in forma pauperis applications. Plaintiffs cite *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331 (1948) for the proposition that an in forma pauperis applicant's status should be independently addressed and that the applicant's access to the courts should not be limited by the actions or inactions of other co-plaintiffs. In *Adkins* the Supreme Court considered the denial by the district court of petitioner's motion to file an appeal in forma pauperis based on the failure of the co-claimants to pay or otherwise file an affidavit of poverty. Ten of twelve of the claimants had filed applications, but the district court denied all the applications, including petitioner's application, because they had not all submitted in forma pauperis applications. The Supreme Court overruled, reasoning that "a restrictive interpretation of this statute might wholly deprive one of several litigants of the right of appeal, even though he had a meritorious case and even though his poverty made it impossible for him to pay or give security for costs. Such a deprivation would frustrate the basic purpose of the statute." *Adkins*, 335 U.S. at 340. The court concluded that petitioner was entitled to appellate review "without regard to whether other claimants filed an affidavit of poverty, or paid or secured their fair part of the costs." *Id*. Thus, under *Adkins* it seems that a plaintiff's request to proceed in forma pauperis is to be considered

3

individually and regardless whether other co-plaintiffs similarly filed.

This Court's research has uncovered only one district court case from a different circuit that supports the magistrate judge's collective determination of in forma pauperis applications. *See Nur v. Blake Development Corp.*, 664 F. Supp. 430 (N.D. Ind. 1987).  There, the district court reviewed a plaintiff's second application to proceed in forma pauperis.  Plaintiff was employed for ten hours per week and earned $4.50 an hour.  Plaintiff's application included a statement of the financial status of a salaried co-plaintiff earning $1500.00 per month.  The Court, without citing any authority or legal precedent, determined that the co-plaintiff's funds must be considered its ruling on plaintiff's application and denied plaintiff's application.  *See Nur*, 664 F. Supp at 431.  *Nur*, however, is not binding and this Court declines to follow it in this situation, especially given *Adkins*' broad language regarding fulfillment of the basic purposes of the in forma pauperis statute.

In the instant case, counsel represents that the only reason an application was submitted on behalf of Becker was because the court clerk's required that "in forma pauperis applications had to be submitted for each and every plaintiff if we were seeking that status on behalf of any one of the plaintiffs."  The magistrate judge based his collective determination on Becker's assets.  This Court concludes, however, that Plaintiffs' applications must be considered individually and without regard to the assets of other co-Plaintiffs.  Plaintiffs Gamboa, Jimenez, and Putnam earn less than $1000.00 a month; Plaintiff Hele is unemployed.  None of the Plaintiffs, other than Becker, have significant assets.  Becker has take-home income of $3300.00 a month and $80,000.00 in assets.  Gamboa, Hale, Jimenez, and Putnam are eligible to proceed in forma pauperis; Becker is not eligible.  Thus, Gamboa, Hele, Jimenez, and Putnam's applications are granted, and Becker's application is denied.

**CONCLUSION AND ORDER**

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that the magistrate judge's order denying Plaintiffs' in forma pauperis applications is

REVERSED, and the order to pay filing fees is also REVERSED.  The in forma pauperis applications of Gamboa, Hele, Jimenez and Putnam are hereby GRANTED; the application of Becker is hereby DENIED.

IT IS SO ORDERED.

**Dated:    July 12, 2007**                                         **/s/ Anthony W. Ishii**
                                                                     UNITED STATES DISTRICT JUDGE